[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER
The plaintiff seeks an order compelling the defendants to produce documents in response to requests for production of documents served on the defendants by the plaintiff on February 5, 2002. The plaintiff asserts in her motion that the defendants have taken the position that the documents will not be produced until the plaintiff agrees not to show the documents to any expert witness who is now employed in the pharmaceutical industry or who plans to be so employed in the future.
The defendants have responded to the effect that they have failed to comply with the discovery request because they believed that they are entitled to a protective order to prevent disclosure of trade secrets.
After the plaintiff filed her motion to compel, the defendants filed a motion titled Motion for Entry of Protective Order. The defendants' belated motion for protective order states that the movants request entry of "the Protective Order attached hereto." No proposed order was, in fact, attached to the defendants' motion for protective order. In their brief, the defendants refer to "(t)he attached Purdue's Proposed Order (Exhibit B)." Exhibit B attached to the defendant's brief is an order entered by Judge Aurigemma in Waitt v. Chrysler Corporation, Docket No. X03 CV 970492125. If indeed, the defendants mean that they propose entry of the same text as an order in this case, they have overlooked the necessity, imposed by P.B. § 13-5, of filing a motion that identifies good cause for an order protecting the actual items for which it claims protection, and the court is left to try to deduce from the defendants' brief and from an affidavit of Michael Friedman what those items are and what the claim of good cause is.
In his affidavit, Friedman, who identifies himself as Executive Vice President, Chief Operating Office at the Purdue Frederick Company, states that he is responsible for sales, marketing and business development for that defendant. He states that the defendants do not publish and restrict CT Page 16471 internal access to their research and test procedures and methods, and their manufacturing specifications, and documents that reveal current marketing plans because of the value of such information to competitors.
The plaintiff responds that her request for production does not include documents that constitute trade secrets or confidential information that would be of interest to the defendants' competitors. While most of the requests for production are directed at facts concerning past marketing, provision of notice, and guidelines for dispensing the product at issue, paragraph 16 requests copies of "all documents identified, referred to, or containing information provided in your answers to the interrogatories not already provided." Those interrogatories include questions concerning the formulation of the drug and changes thereto (Interrogatory 33) and the "design or manufacture" of the drug and changes thereto. (Interrogatory 17). The plaintiff has thus requested that the defendants produce documents that are likely to reveal details of composition and production of the drug.
In addition, the plaintiff seeks details concerning marketing of the drug at issue, and production of documents that contain such information may reveal current marketing strategies. The court finds that some, but not all, of the documents responsive to the plaintiffs request for production of documents are entitled to protection to prevent disclosure and use for purposes other than the plaintiffs pursuit of her claim in this court. The court finds that only the following categories of documents are entitled to protection:
1. documents that set forth a marketing strategy or marketing plan that continues to be in use at the present time;
2. documents that set forth the defendants' research concerning drug at issue, testing procedures, manufacturing processes or manufacturing specifications for that drug.
Such documents shall be disclosed to the plaintiff subject to the following protection
A. They shall be stamped "Confidential" and shall be inspected only by counsel for the plaintiff, actual employees of counsel of record for the plaintiff and experts and consultants retained by counsel of record whose assistance is necessary for the prosecution of the plaintiffs claim and employees of such experts or consultants except that
B. They shall not be inspected by any expert or consultant who is currently employed in any capacity by a competitor of the defendants or CT Page 16472 who renders services of any kind to a competitor of the defendants or who will be so employed or engaged for the duration of this case;
C. Any person who receives information from such documents pursuant to this order is bound by its terms and shall not use such information or documents for purposes not related to pursuit of the plaintiffs claim in this case;
D. Any person who receives such documents or information from such documents shall impose such precautions with regard to storage as are necessary to achieve compliance with this order and to prevent the documents or information from the documents from reaching any person not authorized by this order;
E. The plaintiff shall keep a record of each person who has access to the documents and shall instruct each such person of the terms of this order and that he/she is bound by this order;
F. All persons who inspect such documents upon production to the plaintiffs shall sign a statement acknowledging that they are bound by the terms of this order
G. At the conclusion of this case, plaintiffs counsel and all persons who have had access to such documents shall return all copies of the documents and all notes and other materials that contain information derived from the documents to plaintiffs counsel, who shall return them to defendants' counsel with a sworn certification that no documents or material derived therefrom has been retained by any person who has had access.
In their brief, the defendants also make reference to other precautions which are appropriately addessed not by a motion for protective order but by a motion for sealing order. By an order dated May 31, 2002, this court rejected the defendants' prior request for approval of a sealing order. The defendants have not filed an appropriate motion and may not seek such relief merely by mentioning the subject in a brief addressed to a different motion.
Conclusion
The court finds that only the information and documents identified at paragraphs 1 and 2 above have been shown to warrant protection, and the protection ordered is limited to the requirements at paragraphs A-G above. The defendants shall produce the documents by January 10, 2003. CT Page 16473
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 16474